In the Matter of UNITED ARTISTS CORPORATION, Appellant and Respondent, against FRANK J. TAYLOR, as Comptroller of the City of New York, Respondent and Appellant.

Argued January 25, 1937; decided March 16, 1937.

*Frederick H. Wood, Edward C. Raftery, Thomas T. Cooke, T. Newman Lawler* and *George E. Ray* for petitioner, appellant and respondent. The sublicensing of rights to exhibit copyrighted photoplays by a distributor to an exhibitor is not a sale of tangible personal property within the meaning of Local Law No. 20 (Local Laws, 1934, No. 21), as amended. (*Jewell-LaSalle Co.* v. *Buck*, 283 U. S. 202; *Stephens* v. *Cady*, 55 U. S. 528; *Tiffany Productions, Inc.,* v. *Dewing*, 50 Fed. Rep. [2d] 911; *Metro-Goldwyn-Mayer* v. *Bijou Theatre Corp.*, 3 Fed. Supp. 66; *Harms* v. *Cohen*, 279 Fed. Rep. 276; *Herbert* v. *Stanley Co.*, 242 U. S. 591; *Burgess Co.* v. *Ames*, 359 Ill. 427; *A. B. C. Electrotype Co.* v. *Ames*, 4 N. E. Rep. [2d] 476; *Adair* v. *Ames*, 4 N. E. Rep. [2d] 481.) The words " license to use or consume " do not apply to a short-term loan or bailment of personal property. (*Gould* v. *Gould*, 245 U. S. 151; *Bradley Supply Co.* v. *Ames*, 359 Ill. 162.) The tax sought to be imposed constitutes an unlawful burden upon interstate commerce, in violation of the commerce clause of the Federal Constitution. (*Binderup* v. *Pathe Exchange*, 263 U. S. 291; *United States* v. *Paramount-Famous-Lasky Corp.*, 34 Fed. Rep. [2d] 984; 282 U. S. 30; *United States* v. *First National Pictures*, 34 Fed. Rep. [2d] 815; 282 U. S. 44; *Majestic Theatre Corp.* v. *United Artists*, 43 Fed. Rep. [2d] 991; *Fox Film Corp.* v. *Federal Trade Comm.*, 296 Fed. Rep. 353; *Swift & Co.* v. *United States*, 196 U. S. 375; *Stafford* v. *Wallace*, 258 U. S. 495; *Chicago Board of Trade* v. *Olsen*, 262 U. S. 1; *Paramount Pictures Distributing Co.* v. *Henneford*, 184 Wash. 376; *State* v. *Paramount Publix Corp.*, 178 La. 818; *Glass* v. *Hoblitzelle*, 83 S. W. Rep. [2d] 796.) The tax sought to be imposed

upon licenses of motion picture photoplays requiring exhibition in particular theatres outside the State of New York clearly constitutes an unlawful burden upon interstate commerce in violation of the commerce clause of the Federal Constitution. (*Dozier* v. *Alabama*, 218 U. S. 124; *Rearick* v. *Pennsylvania*, 203 U. S. 507; *Pennsylvania R. R. Co.* v. *Sonman Shaft Coal Co.*, 242 U. S. 120; *Pennsylvania R. R. Co.* v. *Clark Bros. Coal Mining Co.*, 238 U. S. 456; *Dahnke-Walker Co.* v. *Bondurant*, 257 U. S. 282; *Stafford* v. *Wallace*, 258 U. S. 495; *United Shoe Machinery Co.* v. *United States*, 258 U. S. 451; *Spalding & Bros.* v. *Edwards*, 262 U. S. 66; *Federal Compress & Warehouse Co.* v. *McLean*, 291 U. S. 17; *Chassaniol* v. *City of Greenwood*, 291 U. S. 584; *Binderup* v. *Pathe Exchange, Inc.*, 263 U. S. 291; *Paramount Pictures Distributing Co.* v. *Henneford*, 184 Wash. 376.)

*Orrin G. Judd* and *Herbert A. Heerwagen* for Allied Theatre Owners of New Jersey, Inc., *amicus curiæ*. The city of New York is forbidden by the express limitation of the enabling act to levy the present tax upon licenses with non-residents for exhibition outside the State. (*Matter of Gates*, 243 N. Y. 193; *People ex rel. Mut. Trust Co.* v. *Miller*, 177 N. Y. 51; *Travelers Ins. Co.* v. *Padula Co.*, 224 N. Y. 397; *Dozier* v. *Alabama*, 218 U. S. 124; *Rearick* v. *Pennsylvania*, 203 U. S. 507.) A levy upon receipts from the exhibition of motion pictures in New Jersey would be an unconstitutional burden upon interstate commerce; the statute should be interpreted so as to avoid any such unconstitutional effect. (*Reinecke* v. *Northern Trust Co.*, 278 U. S. 339; *Lucas* v. *Alexander*, 279 U. S. 573; *Binderup* v. *Pathe Exchange, Inc.*, 2 U. S. 291; *United States* v. *First National Pictures, Inc.*, 34 Fed. Rep. [2d] 815; *Majestic Theatre Co.* v. *United Artists Corp.*, 43 Fed. Rep. [2d] 991; *United States* v. *Paramount Famous Lasky Corp.*, 34 Fed. Rep. [2d[ 984; *Fox Film Corp.* v. *Trumbull*, 7 Fed. Rep. [2d] 715; *Paramount Pictures Distributing Co.* v. *Henneford*, 51

Pac. Rep. [2d] 385; *State* v. *Paramount Publix Corp.*, 178 La. 818; *Dahnke-Walker Co.* v. *Bondurant*, 257 U. S. 282; *Heyman* v. *Hays*, 236 U. S. 178: *United States* v. *Reading Co.*, 226 U. S. 324.)

*Harry Levine, William S. Savage* and *William Mallard* for RKO Distributing Corporation, *amicus curiæ*. The city of New York has exceeded the authority granted it in and by the enabling act (Laws of 1934, ch. 873) in assessing the tax against the petitioner. (*Binderup* v. *Pathe Exchange, Inc.*, 263 U. S. 291.) The city of New York may not levy a sales tax on receipts from licenses to exhibit films because such levy directly burdens interstate commerce and is in violation of the United States Constitution. (*Binderup* v. *Pathe Exchange, Inc.*, 263 U. S. 291; *Crew Levick Co.* v. *Pennsylvania*, 245 U. S. 292; *Cooney* v. *Mountain States Tel. & Tel. Co.*, 294 U. S. 384; *State* v. *Paramount Publix Corp.*, 178 La. 818; *Paramount Pictures Distributing Co.* v. *Henneford*, 51 Pac. Rep. [2d] 385.)

*Oliver T. Cowan, Monroe Goldwater* and *Milton Small* for Keith-Albee-Orpheum Corporation, *amicus curiæ*. The distributor and exhibitor are in the business of rendering a service not taxable under the Sales Tax Law. (*Metro-Goldwyn-Mayer Dist. Corp.* v. *Bijou Theatre Co.*, 3 Fed. Supp. 66.)

*Paul Windels, Corporation Counsel* (*William C. Chanler, Oscar S. Cox, Robert Granville Burke, Frank J. Derrick* and *Edmund B. Hennefeld* of counsel), for defendant, respondent and appellant. The transactions between the petitioner and the various exhibitors involving the license to use and the transfer of possession of positive film prints are taxable under Local Law No. 20 for 1934, as amended. (*Brewster* v. *Gage*, 280 U. S. 327; *Matter of Armitage* v. *Board of Education*, 122 Misc. Rep. 586; 210 App. Div. 812; 240 N. Y. 548; *Binderup* v. *Pathe*

*Exchange*, 263 U. S. 291; *Metro Goldwyn-Mayer Distributing Corp.* v. *Fisher*, 10 Fed. Supp. 745; *People ex rel. Walker Engraving Corp.* v. *Graves*, 268 N. Y. 648; *People ex rel. Foremost Studio, Inc.* v. *Graves*, 246 App. Div. 130.) A tax upon a film rental for an exhibition within the State of New York is not an interference with interstate commerce. (*East Ohio Gas Co.* v. *Tax Comm.*, 283 U. S. 465; *Wiloil Corp.* v. *Pennsylvania*, 294 U. S. 169; *Monamotor Oil Co.* v. *Johnson*, 292 U. S. 86; *Minnesota* v. *Blasius*, 290 U. S. 1; *Edelman* v. *Boeing Air Transport*, 289 U. S. 249; *Nashville, C. & St. L. Ry.* v. *Wallace*, 288 U. S. 249; *Gregg Dyeing Co.* v. *Query*, 286 U. S. 472; *Packer Corp.* v. *Utah*, 285 U. S. 105.) The transactions involving exhibitors outside the city are taxable. (*Oliver Iron Co.* v. *Lord*, 262 U. S. 172; *Utah Power & Light Co.* v. *Pfost*, 286 U. S. 165; *Eastern Air Transport* v. *South Carolina Tax Comm.*, 285 U. S. 147; *Chassaniol* v. *City of Greenwood*, 291 U. S. 584; *Federal Compress & Warehouse Co.* v. *McLean*, 291 U. S. 17; *Gulf Fisheries Co.* v. *McInerney*, 276 U. S. 124· *Lacoste* v. *Dept. of Conservation*, 263 U. S. 545.)

O'BRIEN, J. The Comptroller of the city of New York, assuming to act pursuant to Local Law No. 20, adopted December 5, 1934 (published as Local Law No. 21, Local Laws of 1934, p. 143), as amended by Local Law No. 24, adopted December 28, 1934 (published as Local Law No. 25, Local Laws of 1934, p. 164), as authorized by chapter 873 of the Laws of 1934, assessed appellant United Artists Corporation the sum of $21,188.92 as a tax on sales between December 10, 1934, and May 31, 1935.

Appellant is a Delaware corporation authorized to transact business in this State, and its principal place of business is at 729 Seventh avenue, New York city. Its business is the distribution of motion picture films to exhibitors. It is not an agent of producers but is an independent contractor. It obtains licenses from producers to distribute and market photoplays to exhibitors within

certain territories, and its revenue is derived from the exhibitors. Its contract with Twentieth Century Pictures, Inc., which is typical of all its contracts with producers, recites that appellant is engaged in distributing and *marketing* photoplays throughout the world. By that contract the producer agrees that the license for distribution granted to appellant includes the sole and exclusive right, license and privilege to exploit; *market* and turn to account and cause to be distributed and exhibited all of the photoplays, consisting of two negative prints and a number of positive prints, not to exceed one hundred and fifty, included in that contract for a period of seven years. The exhibitors, with whom appellant, as distributor, contracts, pay appellant for the right to show the films, and appellant pays the producer a percentage, varying from seventy-five per cent to fifty per cent, of the moneys derived from the license to use the photoplays.

The transaction by which appellant acquires the right from the producer to obtain possession of and to distribute the films and to contract with exhibitors for their exhibition is not the subject of the tax imposed which appellant seeks to vacate. Probably the sale to this appellant in this State by the producer in California of films manufactured in that State and elsewhere outside New York, and their transportation to this State is included within the operation of interstate commerce. (*Binderup* v. *Pathe Exchange, Inc.*, 263 U. S. 291.) After those positive and negative prints have reached New York they have come to rest here. No longer do they continue a part of interstate commerce any more than oranges grown in Florida, automobiles built in Michigan, or textiles spun in Massachusetts. A new intra-state transaction occurs when this appellant, as distributor in New York, who has acquired the right to possession of the films and the license to transfer possession of them for purposes of exhibition in this State, makes contracts in this State for marketing them here. The facts herein

differ materially in principle from those in *Binderup* v. *Pathe Exchange, Inc.* (*supra*), upon which appellant places strong reliance. There the distributors in New York contracted with the exhibitor in Nebraska and delivered in Nebraska. In this case, as far as the Appellate Division has held the transaction taxable, the distributor in New York city contracts with the exhibitor in New York city for delivery in New York city. In so far as this appellant deals with exhibitors in New Jersey and other States, that phase of the case is governed by the *Binderup* case. Moreover, since those places are not included within the territory of the city of New York, neither the enabling act (Laws of 1934, ch. 873), nor Local Law No. 20 nor Local Law No. 24 constitutes authority for the imposition of a tax by the city of New York.

If these contracts between appellant and the exhibitors in New York city constitute a sale within the purview of chapter 873 of the Laws of 1934 and Local Law No. 20 of December 5, 1934, as amended by Local Law No. 24 of December 28, 1934, the transaction, so far as the delivery of the prints and the licensing of their exhibition is effected in the territory included within New York city, is taxable. Appellant's contract with the producer provides that the distributor (appellant) purchases all the producer's right to *market* positive sound prints of motion pictures, that appellant will use its best efforts to market them, that it agrees that all *leases* or *licenses* to use positive copies or copies of each of the producer's photoplays shall be made separate and apart from the *leases* or *sales* of other motion pictures or photoplays, and used in no way to influence the *license, lease or sale* of other motion pictures or photoplays. The subject of the transaction between the producer and this appellant, which is the same subject as the transaction between appellant and the exhibitors in New York city, is a photoplay consisting of two negatives and of complete positive copies not to exceed one hundred and fifty.

Local Law No. 20, effective December 5, 1934, imposes a tax on the sale of tangible personal property and defines the term "tangible personal property" as *corporeal* personal property. This Local Law No. 20 was amended to take effect December 28, 1934, by Local Law No. 24. This amendment contains this definition: " (e) The word 'sale' or 'selling' means any transfer of title or *possession* or both, exchange or barter, *license to use* or consume, conditional or otherwise, in any manner or by any means whatsoever for a consideration, or any agreement therefor * * *." (§ 1 [e].) The transaction which is the subject of the tax under review consists of the transfer by the distributor to the exhibitor of the possession of corporeal property in the form of positive and negative prints of photoplays with the license to use or exhibit them for a specified time. The license to exhibit without the transfer of possession would be valueless. Together they are one transaction and constitute a sale within the definition of Local Law No. 24. In so far as this sale originates and is consummated in New York city, it is subject to the tax. In so far as the transfer of possession of the prints and the license to exhibit them is effected in territory outside the city, then no tax is applicable. We hold that the Appellate Division is correct on both aspects of this case, and that the order should be affirmed.

The order should be affirmed, without costs.

CRANE, Ch. J., LEHMAN, LOUGHRAN, FINCH and RIPPEY, JJ., concur: HUBBS, J., taking no part.

Order affirmed.