JOHN N. HOWITT, Respondent, *v.* STREET & SMITH
PUBLICATIONS, INC., Appellant.

Argued December 1, 1937; decided January 11, 1938.

*Louis P. Eisner* for appellant. The grant of a right
to reproduce a work of art is not a sale of tangible personal
property within the meaning of Local Law No. 20, 1934,

as amended by Local Law No. 24, 1934, under which a sales tax was imposed. (*American Tobacco Co.* v. *Werckmeister*, 207 U. S. 284; *Harms* v. *Cohen*, 279 Fed. Rep. 276.) The definition of "sale" or "selling" as contained in the Local Laws does not enlarge the scope of the sales tax to cover the transactions here involved, nor do said transactions fall within such definition (*Matter of Chapman*, 166 U. S. 661; *United States* v. *1412 Gallons of Distilled Spirits*, 10 Blatchf. 428; *Gould* v. *Gould*, 245 U. S. 151; *Hecht* v. *Malley*, 265 U. S. 144; *United States* v. *Field*, 255 U. S. 257; *United States* v. *Watts*, 1 Bond, 580; *United States* v. *Merriam*, 263 U. S. 179; *Matter of Luchow, Inc.*, v. *Taylor*, 251 App. Div. 164; *Matter of Mendoza Fur Dyeing Works, Inc.*, v. *Taylor*, 272 N. Y. 275; *Hunter* v. *Royal Ins. Co.*, 209 App. Div. 15; *Sullivan* v. *Sullivan*, 66 N. Y. 37.)

*Arthur Garfield Hays* and *Joseph Cassidy* for respondent. The definition of sale or selling as contained in the Local Laws includes transactions where tangible personal property is licensed to be used for a consideration. (*People ex rel. Foremost Studio, Inc.*, v. *Graves*, 246 App. Div. 130; *Matter of United Artists Corp.* v. *Taylor*, 273 N. Y. 334.)

*Louis H. Moos, Alfred B. Nathan* and *George X. Levine* for Photographic Illustrators, Inc., *amicus curiæ*. The local law limits the imposition of the tax to retail sales of tangible personal property. The tax may not be extended by judicial construction. (*City Bank F. T. Co.* v. *N. Y. C. R. R. Co.*, 253 N. Y. 49; *Story* v. *Craig*, 231 N. Y. 33; *Town of Amherst* v. *County of Erie*, 236 App. Div. 58; 260 N. Y. 361; *People* v. *Lytle*, 7 App. Div. 553; *Matter of Long* v. *Jerzewski*, 235 App. Div. 441.) *Smith* v. *Browning*, 225 N. Y. 358; *People ex rel. Mutual Trust Co.* v. *Miller*, 177 N. Y. 51; *People ex rel. N. Y. Mail & Newspaper Transp. Co.* v. *Gaus*, 198 N. Y. 250; *Matter of Gates*, 243 N. Y. 193; *Iselin* v. *United States*, 270 U. S. 245; *Wallace* v. *Cutten*, 298 U. S. 229; *Matter*

of *Erickson* v. *Cohen*, 243 App. Div. 1; *Robinson* v. *Graves*, [1935] 1 K. B. 579; *Racklin-Fagin Constr. Corp.* v. *Villar*, 156 Misc. Rep. 220.)

*Karl W. Kirchwey* for Hearst Magazines, Inc., *amicus curiæ*. The transactions were not sales of tangible personal property within the meaning of that term as used in the Local Laws taxing such sales. (*American Tobacco Co.* v. *Werckmeister*, 207 U. S. 284; *Carbonelli* v. *City of Amsterdam*, 197 App. Div. 848; *Adamson* v. *Schreiner*, 176 App. Div. 95; *Massachusetts Mut. Ins. Co.* v. *United States*, 288 U. S. 269.) Assuming that there was a "transfer of possession" and a "license to use" in the statutory sense, the consideration paid was not for such transfer or license, but for the intangible rights of copying and publication. (*Stephens* v. *Cady*, 14 How. 528; *Stevens* v. *Gladding*, 17 How. 447; *Patterson* v. *Ogilvie Pub. Co.* 119 Fed. Rep. 451; *Harms* v. *Cohen*, 279 Fed. Rep. 276; *American Tobacco Co.* v. *Werckmeister*, 207 U. S. 284.)

HUBBS, J. Respondent is an illustrator and artist, and appellant is a publisher of magizines and periodicals. Between May 16, 1935, and April 22, 1937, the appellant paid the respondent $1,410 for the right to reproduce sixteen of his paintings. No right to exhibit publicly the paintings was given, nor were the paintings sold. It was expressly understood that there would be no use, consumption, alteration or defacement of the paintings, and respondent reserved the right to and did in fact sell the paintings. Although delivery of the paintings into the possession of the appellant was not necessary in order that it reproduce them, nevertheless they were given into appellant's possession, and it sent them to a photo-engraving company which prepared blueprints and made final comparisons with the original either in the engraver's plant or in appellant's place of business. All this could just as conveniently have been done in the respondent's studio. The agreed statement of facts stated:

" 11. The only steps  *  *  *  in which the original paintings played any part were the photographing thereof for the preparation of the blueprints and the visual comparison of the paintings with the plates and proofs during the touching up and finishing process, and these two steps could just as conveniently have been performed by the photo-engraver at plaintiff's studio without any delivery of the paintings into the custody of defendant, or the photo-engraver."

On December 28, 1934, Local Law No. 24 (published as No. 25, Local Laws, 1934, p. 164) was adopted and became law for the city of New York. That law provided for a tax on sales in the city of New York and the following provisions are in question in this case:

" Section 1.  *  *  *  (e) The word ' sale ' or ' selling ' means any transfer of title or possession or both, exchange or barter, license to use or consume, conditional or otherwise, in any manner or by any means whatsoever for a consideration, or any agreement therefor, and may include the rendering of any service specified in section two of this local law."

On February 11, 1935, the Comptroller of the city of New York promulgated official Rules and Regulations. Article 53 thereof reads: " The right to reproduce a painting, cover drawing, illustration or cartoon is not a sale and the amount received by the owner is not a receipt from the sale of tangible personal property, and is not taxable."

Despite this rule, the Comptroller has assessed the respondent $28.20 on the transactions above described, and he seeks to recover the tax under the authority conferred by section 2 of said law: " The vendor shall have the same right in respect to collecting the tax from the purchaser, or in respect to non-payment of the tax by the purchaser, as if the tax were a part of the purchase price of the property or service and payable at the time of the sale."

Payment is resisted, relying on the interpretation given to the local law in the Comptroller's rule above quoted. Respondent contends that the transaction involved was a " license to use," as contemplated in the definition of a sale, above quoted. The question for determination is whether the transaction constituted a " sale " taxable under the local law.

The tax law was adopted to enable the city to defray the cost of granting unemployment work and home relief by imposing a tax upon the " receipts from sales of certain properties and services in the city of New York." The tax is imposed upon certain sales of tangible personal property, gas, electricity, telephone and other services, food, drink and entertainment in restaurants and other establishments, wines, liquors and other alcoholic beverages. The purpose of the law is to tax " sales " where specific goods are transferred, and certain services rendered. Thus we have recently held that one engaged in the business of dyeing and processing fur skins is not making a sale of tangible personal property but is rendering a service and thus the sale of the dye stuffs is not taxable to the ultimate consumer but to the dyer; that a person is not selling the dye merely because it can be distinguished on the finished products. (*Matter of Mendoza Fur Dyeing Works, Inc.*, v. *Taylor*, 272 N. Y. 275.) In *People ex rel. Walker Engraving Corp.* v. *Graves* (268 N. Y. 648) the question involved was whether the sale of engraved plates constituted a sale of tangible personal property or a contract for services, and we decided that there was a sale of the engraved metal plates. As the purpose of the local law was to tax sales, it seems clear that the purpose of the definition that a sale meant also a " transfer of title or possession or both, exchange or barter, license to use or consume," was to cover a situation where the parties might attempt to call the sale by some other name. The local law was not intended to tax all transactions, but rather to cover only sales of tangible personal property and certain services.

In the light of such intent of the local law it seems to us that the transactions here involved are not such a " license to use " as make these transactions taxable. Here there was no such use permitted as contemplated by the local law. The " use " was reserved to the artist. There was no transfer of possession for which a consideration was paid. The consideration was paid for the right merely to reproduce, which could as well be done while still in the possession of the artist as elsewhere. The transaction here involved was similar to the payment of consideration for copyright purposes. For the consideration paid, an owner promises not to assert his ownership of a copyright. There is a distinction between the right to reproduce which is protected by the copyright law, and the production itself. (*American Tobacco Co.* v. *Werckmeister*, 207 U. S. 284.)

The only right given appellant was the right to reproduce paintings. Possession of the paintings was transferred temporarily but not for the purpose of sale, or exhibition, but merely to permit them to be photographed so that a copy of each could be reproduced on plates. There was no wearing out of the object, no consumption, no possessory interest for even a limited time. Respondent reserved the right to take them at any time. It was only by the artist's permission that the paintings were taken out of his studio. The possession was merely incidental. There was no more a license to use these paintings than there is a license to use a picture in a museum when one is granted a license to come into a museum and photograph a picture. There was no transfer of a tangible piece of property for which a consideration was paid as contemplated by the local law. The right to use and sell and exhibit was retained by the artist. In the agreed statement of facts it is stated that " the original paintings executed by plaintiff * * * were not used or consumed by defendant, * * * that it was expressly understood and agreed that there would

be no use, consumption, alteration or defacement of the paintings." Such statement, in connection with the rule adopted by the Comptroller which excludes this transaction from a tax, tends to confirm our conclusion that a tax is not collectible in the case at bar.

We are referred to the case of *People ex rel. Foremost Studio, Inc.,* v. *Graves* (246 App. Div. 130). But in that case there was a sale and transfer of the designs and the purchaser had exclusive right to them. In *Matter of United Artists Corp.* v. *Taylor* (273 N. Y. 334) there was a transfer by the distributor to the exhibitor of the possession of the positive and negative prints of photoplays with the license to use or exhibit them for a certain time. The case of *Dun & Bradstreet, Inc.,* v. *City of New York* (276 N. Y. 198) is similar to the present case. In that case the local law was held not to apply to the transactions in which the customers of Dun & Bradstreet paid a consideration for the financial services rendered though it was contended that there was at least a license to use the reference books furnished in connection with the services.

A tax law should be interpreted as the ordinary person reading it would interpret it. Referring to this local law, we have said: " A taxing statute must be given a practical construction." (*Matter of Mendoza Fur Dyeing Works, Inc.,* v. *Taylor, supra,* p. 281.) And if there is ambiguity it should be interpreted in favor of the taxpayer. We believe that the ordinary interpretation of the word " use " is to assert possessory interest in the article for some length of time; in this case to hold the right to exhibit the picture or sell it or tamper with it in some manner to be decided upon by the purchaser. Anything less than this, as merely the right to reproduce, is not such a use as should make this transaction taxable as a sale of tangible personal property.

The judgment should be reversed and judgment directed in favor of the defendant, with costs.

O'BRIEN, J. (dissenting). The Comptroller, practically construing the local law, assessed plaintiff a small sum as a sales tax upon the transaction between plaintiff and defendant. If the transaction constitutes a sale, plaintiff, as vendor, has the right to recover from defendant, as vendee, the amount of the tax paid to the city. The word "sale" is defined in the local law as "*any transfer* of title or *possession or* * * * *license to use* * * * in any manner or by any means whatsoever for a consideration, or any agreement therefor * * *."

For a consideration paid by defendant to plaintiff, an exclusive license to reproduce pictures painted by plaintiff was granted to defendant and these pictures were delivered into the custody of defendant for the purpose of reproducing them on the covers of defendant's magazines which are sold to the public.

The noun "possession" and the verb "to use" occurring in this statute must be given their usual meaning. They have no technical significance but are intended to be understood by persons of ordinary intelligence who buy and sell. The pictures were delivered to defendant and for sometime remained in its custody. The statute distinguishes between transfer of *title* and transfer of *possession*. After these chattels had been delivered into defendant's custody, they were in its possession and within its control for the limited purpose of making copies for defendant's magazines. Such copies were made and, in making them, defendant necessarily did use the originals. The statute also distinguishes between the words "use" and "consume." The verb "to use" means, according to Webster, "to employ," "to avail oneself of" and the lexicographer gives as an example, "an artist *uses* a model." If a model is used when an artist paints a picture, surely the original picture is also used when some one copies or reproduces it. In the language of the statute, these pictures were used "in any manner or by any means whatsoever." If defendant did not use them "in any

manner or by any means whatsoever " what did it do with them?

In order to constitute a sale, the transaction does not, according to the statutory definition, require both a transfer of possession and a license to use. If either right be granted for a consideration, sale results.

The Appellate Division is correct in going so far at least as to decide that a license to use these pictures for the purpose of copying them and exhibiting the copies on the covers of magazines sold to the public is the thing that was sold by plaintiff to defendant.

CRANE, Ch. J., LEHMAN, LOUGHRAN and RIPPEY, JJ., concur with HUBBS, J.; O'BRIEN, J., dissents in opinion, in which FINCH, J., concurs.

Judgment accordingly.