264 So.2d 437 (1972)
FLORIDA ASSOCIATION OF BROADCASTERS et al., Appellants,
v.
Claude R. KIRK, Jr., et al., As and Constituting the State Revenue Commission, Appellees.
No. O-465.
District Court of Appeal of Florida, First District.
July 20, 1972.
*438 Joseph C. Jacobs and E.C. Deeno Kitchen, of Ervin, Varn, Jacobs & Odom, and James E. Messer, of Thompson, Wadsworth & Messer, Tallahassee, for appellants.
Robert L. Shevin, Atty. Gen., and Winifred L. Wentworth, Asst. Atty. Gen., for appellees.
SPECTOR, Chief Judge.
Appellants seek review of a declaratory judgment concerning their liability for sales and use taxes under Section 212.05, Florida Statutes, F.S.A., arising out of their use of films and transcriptions during the year 1969. The lower court found appellants liable for the payment of taxes under the above cited section. We agree.
Appellants contend that they are not subject to Chapter 212, Florida Statutes, F.S.A., because the use of films are not a sale or rental of tangible personal property. Appellants set forth the situations by which films are rented and used in Florida as follows:
(1) A film is rented, sent to Florida and broadcast in Florida. The broadcaster pays a flat fee for the use of the film;
(2) a film is rented, sent to Florida and broadcast in Florida. The broadcaster pays a fee designated as rental of the film and another fee designated as a license fee for the right to broadcast; and
(3) the broadcaster buys, for a nominal price, a blank film and contracts with the out-of-state producer to process this film by impressing upon it the scenes and sounds of a desired broadcast.
Appellants attempt to distinguish between money paid for the actual physical film and that paid for the right to use the film. The right to use is a license so appellants contend that they are renting intangible personal property rather than tangible personal property. However, as the trial court pointed out, this reasoning is unsound. Every purchase or rental of property is the acquisition of the right to use that property for its intended purposes. Likewise, practically every piece of property subject to rent or sale is a product of someone's original idea and the rental thereof is for the purpose of using it.
The Supreme Court of Tennessee, when confronted with the issue of whether operators of motion picture theaters were liable for sales tax on film rented from producers, stated:
"There is scarcely to be found any article susceptible to sale or rent that is not the result of an idea, genius, skill and labor applied to a physical substance... . If these elements should be separated from the finished product and the sales tax applied only to the cost of the raw material, the sales tax would, for all practical purposes, be entirely destroyed." Crescent Amusement Co. v. Carson, 187 Tenn. 112, 213 S.W.2d 27, 29 (1948).
Also, in United Artists Corp. v. Taylor, 273 N.Y. 334, 7 N.E.2d 254 (1937), the New York court held that a transfer by a distributor to an exhibitor of possession of motion picture film with a license to use or exhibit that film constituted a sale within the meaning of the sales tax law. The court in that case stated that "The license to exhibit without the transfer of possession would be valueless. Together they are one transaction and constitute a sale... ."
Section 212.02(a) and (c), Florida Statutes, F.S.A., clearly indicates that it was the intention of the legislature to include the situation presented by this case unless covered by a specific exemption. Section *439 212.02(a) defines sales as "Any transfer of title or possession ... of tangible personal property." Section 212.02(c) defines sales as including "The producing, fabricating, processing, printing or imprinting of tangible personal property for a consideration... ."
In our view, the trial court correctly held that the use of the film cannot be distinguished from the actual physical film and that the renting of the film is a transfer of tangible personal property within the meaning of the statute.
We have considered the other points on appeal and find them substantially without merit. Accordingly, the judgment appealed herein is affirmed.
WIGGINTON and JOHNSON, JJ., concur.