COLUMBIA PICTURES INDUSTRIES, INC., y OTRAS, demandantes y recurridas, *v.* SECRETARIA DE HACIENDA, demandada y recurrente.

*Número:* R-83-82 *Resuelto:* 31 de octubre de 1983

750

*Miguel Pagán, Procurador General Interino*, y *Reina Colón Rodríguez, Procuradora General Auxiliar*, abogados de la Secretaria de Hacienda, recurrente; *Aurelio Torres Ponsa*, de *McConnell, Valdés, Kelley, Sifre, Griggs & Ruiz Suria*, abogado de las recurridas.

El Juez Asociado Señor Dávila emitió la opinión del Tribunal.

La Secretaria de Hacienda recurre de una sentencia del tribunal de instancia mediante la cual se le ordenó cancelar una deuda contributiva notificada a la recurrida Columbia Pictures, Inc. (Columbia). En el tribunal de instancia se dilucidaron varias acciones consolidadas de nueve corporaciones. Dos se dedican a operar estaciones de televisión en Puerto Rico. Las otras siete distribuyen películas cinematográficas para la Isla. (¹) Las demandantes impugnaron las contribuciones impuestas por el Departamento de Hacienda a cada una de ellas sobre cierta propiedad mueble intangible consistente en derechos y licencias para la distribución o transmisión de películas o programas grabados para la televisión.

---

(¹) Las corporaciones son las siguientes: Ponce Television Corporation; Telemundo, Inc.; Paramount Américas Film Corporation; Paramount Pictures Corporation; Twentieth Century-Fox of Puerto Rico, Inc.; United Artists Corporation of Puerto Rico; Universal Pictures Corporation of Puerto Rico; Warner Bros. (South), Inc.; y Columbia Pictures Industries, Inc.

Con excepción de la recurrida Columbia, todas las corporaciones demandantes están domiciliadas en Puerto Rico y obtienen las películas y programas que distribuyen o transmiten a través de contratos celebrados para estos fines con las compañías productoras de estas películas. Mediante estos contratos de distribución o licencias, las corporaciones adquieren el derecho exclusivo de traer y, por tiempo limitado, distribuir para su exhibición en cines y teatros a través de la Isla o transmitir a través de las emisoras locales de televisión, copias de las películas y programas.

Columbia, por su parte, no está domiciliada en Puerto Rico, consta incorporada en el estado de Delaware y tiene sus oficinas principales en la ciudad de Nueva York. El tribunal de instancia hizo las siguientes determinaciones de hecho:

> 9. La demandante Columbia no es subsidiaria de ninguna corporación[,] y opera en Puerto Rico a través de una sucursal u oficina; es dueña de las películas que distribuye en Puerto Rico, así como de los derechos de autor expedidos cubriendo [*sic*] las mismas. *La contribución en controversia se le impuso sobre los derechos de autor que tiene sobre las películas que distribuye en Puerto Rico.* A dicha partida se le asignó un valor equivalente a $846,610.00.
>
> 10. Debido a que Columbia produce sus propias películas y es dueña de las mismas así como de los derechos de autor sobre éstas, no existe en su caso acuerdo o contrato de distribución como los que existen en los casos de las demandantes descritas en el Anexo B. (Énfasis suplido.)

En la primera parte de su sentencia, el tribunal de instancia determinó que las licencias o derechos de distribución y exhibición concedidos por los varios contratos de distribución, en consideración al pago de unas cantidades de dinero pactadas, constituían bienes muebles intangibles, tributables bajo la definición del Art. 290 del Código Político, 13 L.P.R.A. sec. 443, (²) y confirmó la notificación rea-

---

(²) Dispone:

"Toda Propiedad no exenta expresamente del pago de contribuciones será tasada como imponible. . . .

"Los bienes muebles comprenderán dichas maquinarias, vasijas, instrumentos

lizada a las corporaciones demandantes que operan mediante estos contratos. Ordenó, además, la continuación de los procedimientos para determinar el valor de estos bienes.(³) En cuanto a la acción de la recurrida Columbia, el tribunal de instancia determinó que: "Atendido el caso de que las operaciones de Columbia en Puerto Rico se realizan a través de una sucursal; que las operaciones de ésta en Puerto Rico representan tan solo una porción minúscula de sus operaciones en general; que el domicilio y principal lugar o lugares de negocios yace[n] fuera de Puerto Rico; y que el Artículo 10 del Código Civil dispone que los bienes muebles se regirán por las leyes de la nación del propietario que según se ha interpretado jurisprudencialmente es el domicilio del propietario, el Tribunal determina que no procede la imposición contributiva por concepto de propiedad mueble intangible hecha por el demandado a la demandante Columbia Pictures Industries, Inc. sobre los derechos de autor de ésta." Sentencia, pág. 35. En consecuencia, ordenó la cancelación de la notificación de contribuciones. Es de esta última determinación de la cual recurre la Secretaria de Hacienda.

 Los derechos de autor de la recurrida Columbia asociados con su mercado local de distribución de películas constituyen, efectivamente, un bien mueble intangible a tenor con la citada disposición del Código Político. En primer lugar esta determinación halla su fundamento en lo resuelto por nosotros en *WAPA* v. *Srio. de Hacienda*, 105

o implementos no adheridos al edificio o suelo, de una manera que indique permanencia, el ganado en pie, el dinero, bien en poder del mismo dueño o de otra persona, o depositado en alguna institución, los bonos, las acciones, certificados de crédito en sindicatos o sociedades no incorporadas, derechos de privilegio, marcas de fábrica, franquicias, concesiones y todas las demás materias y cosas susceptibles de ser propiedad privada, no comprendidas en la significación de la frase 'bienes inmuebles', pero no comprenderán los créditos en cuentas corrientes, cuentas de ahorros, depósitos a plazos fijos, pagarés, ni otros créditos personales."

(³)Las demandantes recurrieron oportunamente de esta determinación mediante varias solicitudes de *certiorari*, a las que dimos no ha lugar.

D.P.R. 816 (1977). Allí reconocimos que el concepto unitario e indivisible de la propiedad era superado dentro del ámbito del derecho tributario y apuntamos que para determinar si un bien era tributable como propiedad debía atenderse predominantemente al interés y beneficio que su poseedor derivare de él. La imposición del tributo, a su vez, concuerda con la doctrina vigente en la jurisdicción federal donde se reconoce la múltiple y proporcionada tributación por los estados de bienes muebles tangibles e intangibles cuando, en el curso de un negocio sostienen contactos con más de una jurisdicción y los titulares se benefician de su protección. Véanse, *Braniff Airways* v. *Nebraska Board*, 347 U.S. 590, 601 (1954); *Curry* v. *McCanless*, 307 U.S. 357, 368-369 (1939). En esas circunstancias cada estado debe limitar sus impuestos de forma proporcional a la parte del negocio del contribuyente que éste conduce dentro de sus fronteras. *Braniff Airways* v. *Nebraska Board*, supra, págs. 601-602.

A la luz del enfoque de *WAPA* v. *Srio. de Hacienda*, supra, encontramos separación, para fines contributivos, de los derechos de exclusividad sobre las películas que discurren por el mercado local y que derivan para su titular Columbia un beneficio precisable, y aquel derecho de autor de carácter general que surge con la producción de las películas y que da lugar a las actividades comerciales de la Columbia a través de Estados Unidos. Otras jurisdicciones han reconocido ya este desdoblamiento y no han vacilado en imponer tributo sobre la proporción de los derechos de autor que se transfieren mediante los contratos de distribución de películas y programas de televisión, aunque se trate de celuloides que sólo permanecen en dichos territorios por unas horas. *American Television Company, Inc.* v. *Hervey*, 490 S.W.2d 796 (Ark. 1973); *Columbia Pictures, Etc.* v. *Tax Com'r*, 410 A.2d 457 (Conn. 1979); *Florida Association of Broadcasters* v. *Kirk*, 264 So. 2d 437 (Fla. App. 1972); *Mount*

*Mansfield T.V., Inc.* v. *Vermont Com'r of Taxes*, 336 A.2d 193 (Vt. 1975); *Matter of Heftel Broadcasting Honolulu, Inc.*, 554 P.2d 242 (Hawaii 1976); *United Artists Corporation* v. *Taylor*, 7 N.E.2d 254 (N.Y. 1937). También a la luz de *Braniff Airways*, supra, y *Curry*, supra, encontramos contactos suficientes del bien o derecho en cuestión y la obtención de beneficios en el foro para justificar la imposición.

La controversia se limita, por lo tanto, a decidir si Puerto Rico puede imponer tributo, válidamente, sobre estos derechos intangibles de autor, pertenecientes a una corporación no domiciliada en nuestra jurisdicción, a la luz de las limitaciones constitucionales del debido procedimiento de ley. En su sentencia, el tribunal de instancia concluyó en la negativa, centrando su análisis en el domicilio del bien y utilizando la máxima *mobilia sequuntur personam*, para determinar que éste debía ser el propio domicilio de la corporación.

Como hemos señalado recientemente en *Int'l Harvester Co.* v. *Sria. de Hacienda*, 114 D.P.R. 281 (1983), el énfasis en el análisis de la validez de una contribución frente a las cláusulas constitucionales del debido procedimiento de ley y comercio interestatal se ha alejado de las ficciones legalistas para recaer en el examen de los efectos prácticos y en las realidades económicas envueltas. *Gómez Hnos., Inc.* v. *Srio. de Hacienda*, 114 D.P.R. 367 (1983). Las ficciones legales de *mobilia sequuntur personam* y del domicilio comercial no son las más adecuadas para resolver la presente controversia.

La norma *mobilia sequuntur personam* es doctrina antiquísima. Bajo la misma, el poder impositivo del soberano sobre sus ciudadanos domiciliados se extiende a los bienes muebles que éstos posean, no importa el lugar donde se encuentren. *Situs of Tangible Personal Property for Purposes of Property Taxation*, 2 A.L.R.4th 432 (1980). La norma se extendió para cubrir derechos intangibles cuando el dueño sólo circunscribía su actividad al lugar de su

domicilio. Sin embargo, la razonabilidad de una sola jurisdicción impositora desaparece cuando el titular extiende la actividad de sus intangibles a múltiples foros, obteniendo así la protección y el beneficio de las leyes de otros estados y sometiéndose así a su poder impositivo. *Curry* v. *McCanless*, supra, pág. 367.

La excepción del domicilio comercial surge al fragor del ímpetu económico interestatal y fue acogida por el Tribunal Supremo federal en *Wheeling Steel Corp.* v. *Fox*, 298 U.S. 193 (1936), y *First Bank Corp.* v. *Minnesota*, 301 U.S. 234 (1937), en la década de los treinta, para la tributación de derechos intangibles. Requiere que la entidad o actividad tributada esté inmersa en una actividad comercial local permanente e independiente del estado donde el titular tiene su domicilio. F. E. Nash, *Situs For Taxation of Tangible and Intangible Personalty*, 19 Or. L. Rev. 309 (1940). La doctrina del domicilio comercial para fines contributivos adolece de rigidez, exige unas relaciones sumamente profundas y permanentes entre el estado impositor y el evento tributable. No tiene utilidad ni es razonable su aplicación en situaciones en que hay contactos suficientes con el foro y se han obtenido beneficios de éste y el poder impositivo se justifica al amparo del debido proceso de ley. La tributación es un medio de distribuir el costo gubernamental entre aquellos sujetos a su control y los que disfrutan de la protección de sus leyes. *Curry* v. *McCanless*, supra, pág. 370. Sin embargo, con la aplicación de la ficción que nos ocupa no se cumpliría con lo que dicta la razón y la justicia, y el Estado, a pesar de haber incurrido en gastos, no podría resarcirse de quien se ha beneficiado de sus facilidades. No obstante, el Tribunal Supremo federal expresó recientemente en *Mobil Oil Corp.* v. *Commissioner of Taxes*, 445 U.S. 425, 445 (1980), que la doctrina del domicilio comercial en el ámbito de contribuciones sobre la propiedad constituye una ficción jurídica cuya razón de ser nunca fue expuesta por el tribunal y reconoce la validez de la norma

expresada en *Curry* v. *McCanless* de que la justificación para un solo lugar de tributación no existe cuando las actividades del contribuyente, con relación a propiedad intangible, se extienden a más de una jurisdicción. Notamos así una expresión crítica de la doctrina. Por otro lado, la ficción del domicilio comercial se ve limitada ante la particularidad de los derechos de autor que se componen de diversas facultades —exclusividad en la producción, distribución, exhibición, publicación— y por propia textura no están depositados ni fijos en un lugar determinado, mas sin embargo, para ser ejercitados pueden requerir la protección de múltiples jurisdicciones que por ello estarían justificadas en imponer tributos.

 La corriente moderna, reflejada en decisiones recientes del Tribunal Supremo federal, enjuicia el poder impositivo en diversas áreas —tanto en contribución sobre ingresos como en contribuciones sobre propiedad tangible e intangible— a la luz de contactos mínimos de la entidad, actividad o bien con la jurisdicción impositora. *Braniff Airways* v. *Nebraska Board,* supra; *Curry* v. *McCanless,* supra; *Int'l Harvester Co.* v. *Sria. de Hacienda,* supra, y casos allí citados; *Maristany* v. *Srio. de Hacienda,* 94 D.P.R. 291, 302 (1967). Tiene que existir un nexo racional entre el tributo a ser pagado y los beneficios brindados al contribuyente por las leyes del Estado. *Cf. Int'l Harvester Co.* v. *Sria. de Hacienda,* supra; *Maristany* v. *Srio. Hacienda,* supra.

En la situación de autos es innegable la existencia de los contactos del intangible tributado y de las ventajas que ofrece Puerto Rico a la recurrida. La Columbia mantiene en Puerto Rico una oficina desde donde dirige sus operaciones locales para distribuir sus productos. Estas operaciones están protegidas y reguladas por nuestras leyes. La Columbia puede acudir ante nuestros tribunales para hacer valer sus acuerdos con las diversas salas de teatro que exhiben sus películas. Está claro, además, que su negocio local

depende en gran medida de sus derechos de autor, los cuales le permiten controlar con exclusividad el tráfico de sus producciones. Éstos, por lo tanto, tienen una localización en Puerto Rico en proporción al volumen de su negocio local. En este sentido, no existe diferencia entre la Columbia y las otras corporaciones demandantes. Siendo así, no hallamos razón alguna para dar a ésta un trato contributivo desigual. Acceder a tal trato desigual traería como consecuencia facilitar la evasión contributiva y bastaría con que se eliminaran del mercado los contratos de distribución y asumieran su rol los titulares de los derechos de autor, para que el Estado Libre Asociado no pudiera tributar a quienes se benefician de sus leyes y facilidades.

Por los fundamentos expresados, *se revocará la parte de la sentencia recurrida que declaró con lugar la demanda de Columbia. En su lugar, se dictará sentencia que confirme la validez de la notificación de contribuciones hecha por la Secretaria de Hacienda.*

El Juez Asociado Señor Díaz Cruz concurre en el resultado sin opinión. El Juez Asociado Señor Rebollo López no intervino.