OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, with costs.
Petitioner operates an amusement park which includes carnival-like rides among other attractions. Petitioner sells two kinds of tickets: one permits use of the park and attractions other than the rides; the other allows the holder also to make unlimited use of the rides. Petitioner paid no sales tax on its acquisition of the rides which it contends were purchased for "resale” to users of them. It has paid tax on the admission tickets. At issue, then, is whether use of the rides by a ticket holder constitutes a resale such as to exempt the purchase or lease of the ride equipment by petitioner from tax.
Tax Law § 1105 distinguishes between the tax it imposes upon a retail sale (§ 1105 [a]) as defined in section 1101 (b) (4) and the tax it imposes upon an admission charge (§ 1105 [¶] [1] ) as defined in section 1101 (d) (2). Petitioner’s acquisition of the rides and other facilities would be nontaxable only if it was an acquisition for resale. But it has long been the rule that something more than temporary possession is required before there is, within the meaning of section 1101 (b) (4), a "license to use” taxable as a retail sale (Matter of Frissell v McGoldrick, 300 NY 370, 374; Howitt v Street & Smith Pub., 276 NY 345, 350-351).
That the definition of "admission charge” in section 1101 (d) (2) includes the "use of facilities” does not require a contrary conclusion, even if the fact situation in this case can be distinguished from that in Fairland Amusements v State Tax Commn. (66 NY2d 932) (a question we do not decide). To the extent that the tax on admissions may be a charge for the "use of facilities”, that use is by its very nature a limited, temporary use which, as the Frissell and Howitt cases hold, does not qualify as a "sale” and therefore cannot constitute a "resale” within the meaning of section 1101 (b) (4). To the extent that 20 NYCRR 526.7 (a) (4) by its reference to a transaction enumerated in Tax Law § 1105 (f) includes within the definition of "sale” an admission charge, it runs counter to the clear wording of the statute it was intended to implement *632 and, therefore, is not controlling (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459; see, Fairland Amusements v State Tax Commn., supra).
We need not pass upon petitioner’s contention that under the Fairland holding its admission charge to its customers was not taxable and, therefore, it is entitled to offset against any amount due from it the taxes it paid on such charges. No such contention was made to the Commission. More importantly, however, petitioner cannot offset against its obligation as purchaser of the facilities any sums that, if due at all, are due its customers and to obtain refund of which petitioner must show that it "has repaid such tax to the customer” (Tax Law § 1139 [a]).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), judgment affirmed, with costs, in a memorandum.