In the Matter of TONI FRISSELL, Appellant, against JOSEPH D. McGOLDRICK, as Comptroller of the City of New York, et al., Respondents.

Argued January 12, 1950; decided March 2, 1950.

*John T. McGovern* and *John B. Garrity* for appellant. Petitioner is exempt from sales tax under the provisions of the retail sales tax laws, and particularly under the provisions of a regulation published by the comptroller of the city of New York (art. 70, formerly art. 53). (*Howitt* v. *Street & Smith Publications,* 276 N. Y. 345; *Pagano, Inc.,* v. *City of New York,* 267 App. Div. 980, 295 N. Y. 784.)

*James Carroll, Edwin D. Kyle, Harry H. Van Aken, Edward V. McKeown* and *E. Douglas Hamilton* for Hearst Magazines, Inc., and others, *amici curiæ,* in support of appellant's position. I. Appellant, a photographer, rendered services and did not sell tangible personal property. (*Pollard* v. *Photographic Co.,* 40 Ch. D. 345; *Boucas* v. *Cooke,* [1903] 2 K. B. 227; *White Studio, Inc.,* v. *Dreyfoos,* 156 App. Div. 762, 160 App. Div. 885; *Holmes* v. *Underwood & Underwood, Inc.,* 225 App. Div. 360; *Lumiere* v. *Robertson-Cole Distr. Corp.,* 280 F. 550; *Andersen* v. *City of New York,* 295 N. Y. 782; *Pagano, Inc.,* v. *City of New York,* 295 N. Y. 784.) II. The retail sales tax laws of the City of New York do not apply to payments made for services, even though to make the services effective some tangible property of no independent or market value is delivered and retained. (*Burgess* v. *Ames,* 359 Ill. 427; *Booth* v. *City of New York,* 296 N. Y. 573; *Stampers Arrival of Buyers, Inc.,* v. *City of New York,* 296 N. Y. 574; *Matter of Business Statistics Organization* v. *Joseph,* 299 N. Y. 443.) III. If appellant sold anything other than her services she sold intangible rights in literary property and the proceeds of such sales are not subject to the retail sales tax laws. (*Fisher* v. *Star Co.,* 231 N. Y. 414; *Pushman* v. *New York Graphic Soc.,* 287 N. Y. 302; *Howitt* v. *Street & Smith Publications,* 276 N. Y. 345; *Altman* v. *New Haven Union Co.,* 254 F. 113.)

*John P. McGrath, Corporation Counsel* (*Isaac C. Donner* and *Bernard H. Sherris* of counsel), for respondents. The transactions in issue are taxable sales because petitioner, for a consideration, (1) transferred possession of, and granted a license

to use, the photographic prints, and (2) transferred title to them. Either of these incidents is sufficient to support the determination. (*Andersen* v. *City of New York*, 295 N. Y. 782; *Pagano, Inc.*, v. *City of New York;* 295 N. Y. 784; *Howitt* v. *Street & Smith Publications*, 276 N. Y. 345; *Matter of United Artists Corp.* v. *Taylor*, 273 N. Y. 334; *Matter of New York World-Telegram Corp.* v. *McGoldrick*, 272 App. Div. 806.)

FROESSEL, J. Petitioner is a professional photographer. She takes orders from various clients to photograph persons, objects or scenes in or out of doors. The comptroller of the city of New York has assessed her for an alleged deficiency of $2,593.69 in taxes under the New York City Retail Sales Tax Laws (Administrative Code of City of New York, § N41–1.0 *et seq.*, formerly § E41–221.0 *et seq.*). The business transactions assessed and in dispute are those only between petitioner and one of her clients, Conde Nast Publications, Inc. (hereinafter called Conde Nast), for the period from December 10, 1934, to June 30, 1942. The tax on her transactions with other clients is not in dispute, for they were conducted on a different basis.

The question before us is whether the transactions in dispute constitute taxable sales within the New York City Retail Sales Tax Laws. The comptroller has held them taxable. The Appellate Division, in a proceeding to review under article 78 of the Civil Practice Act, has unanimously confirmed the comptroller's determination. No findings of fact were made below and in the absence of record evidence to the contrary, we must assume that those facts were found which support the conclusion. If there is substantial evidence to support the comptroller's determination, we must accept it. (*Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104, 108.)

Petitioner was the sole witness before the comptroller. She maintains a " dark room " and office in New York City, and takes special orders from Conde Nast, which either originates the photographic motif or approves petitioner's suggestions. After the photograph is taken, petitioner develops the negative, and makes an enlarged print thereof. She always retains the negative, but delivers the print to her client which merely makes photoengravings for purposes of reproduction in its publications. As to the colored pictures, she delivers the transparencies

for a similar purpose, and they are likewise returned. She testified repeatedly, and without contradiction, that the prints delivered to Conde Nast were returned to her in accordance with their arrangement, and there is no basis for any other finding in that respect. Conde Nast does no retouching, but returns the prints intact. It does not have the exclusive right to reproduce the prints, but merely the first right.

The applicable statute (Administrative Code, § N41–1.0, subd. 5, formerly § E41–221.0) defines " sale " or " selling " as follows: " Any transfer of title or possession or both, exchange or barter, license to use, license to consume, conditional or otherwise, in any manner or by any means whatsoever for a consideration ".

The comptroller's interpretation of this statute, so far as pertinent here, is found in article 70 of the Comptroller's Retail Sales Tax Regulations as follows: " The right given to reproduce a painting, cover drawing, illustration or cartoon is not a sale of tangible personal property and the amount received by the owner for such right is not a taxable receipt where the transfer of possession of the property is a mere incident to the right to reproduce said property and is not especially required for that purpose. The receipts from such right to reproduce tangible personal property are not taxable."

With respect to the above statutory definition of sale, respondents here claim that there was (1) a transfer of title, (2) a transfer of possession, and (3) a license to use the prints.

(1) Clearly there is no scintilla of evidence whatsoever as to any transfer of title with respect to the Conde Nast transactions. On no possible view of the testimony could that finding be made.

(2) As to transfer of possession, the comptroller himself, by the regulations above quoted, has interpreted the applicable statute to mean that " where the transfer of possession of the property is a mere incident to the right to reproduce said property and is not especially required for that purpose ", the transaction is " not taxable." Such is the situation here, where the transfer of possession was not especially necessary, as it was in *Matter of United Artists Corp.* v. *Taylor* (273 N. Y. 334). There, possession of films was necessarily transferred so that they could be exhibited publicly at other locations and for a specified time. Except that it was more convenient here to

reproduce the prints at the photoengraver's, the reproduction could have been made at petitioner's place of business, where she did her own developing and enlarging; the transfer of possession was not especially necessary, but was a mere incident to the right to reproduce, and when reproduced, the prints were always returned.

(3) With respect to the license to use, it certainly cannot be seriously urged that mere temporary possession for the purpose of reproduction was a " use " within contemplation of the statute, for again, by his own regulation, the comptroller recognized that in concededly nontaxable transactions, there may be a temporary " transfer of possession " as " a mere incident to the right to reproduce ". In such cases, there must necessarily be handling or " use " or possession of the print for that specific purpose.

The situation here is unlike those presented in *Andersen* v. *City of New York* (295 N. Y. 782) and *Pagano, Inc.*, v. *City of New York* (295 N. Y. 784). In those cases, the City of New York offered affirmative proof challenging the petitioner's claims, and the evidence showed that the clients assumed dominion over the prints by retouching, correcting, or otherwise changing or destroying them, and by failing to return most of them; there was virtually a transfer of title.

The instant case is in many respects similar to *Howitt* v. *Street & Smith Publications, Inc.* (276 N. Y. 345) where we held that the right to reproduce paintings which were not used, consumed, altered or defaced nor publicly exhibited was nontaxable. (See also, *Dun & Bradstreet, Inc.*, v. *City of New York*, 276 N. Y. 198; *Booth* v. *City of New York*, 296 N. Y. 573; *Stampers Arrival of Buyers, Inc.*, v. *City of New York*, 296 N. Y. 574.)

The order of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, and the determination of the comptroller annulled.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Order reversed etc.