In the Matter of HILLMAN PERIODICALS, INC., Petitioner, against LAWRENCE GEROSA, as Comptroller of the City of New York, et al., Respondents.

First Department, February 23, 1955.

*James Carroll* for petitioner.

*Solomon Portnow* of counsel (*Stanley Buchsbaum* with him on the brief; *Leo A. Larkin, Acting Corporation Counsel,* attorney), for respondents.

*Per Curiam.* This is a proceeding under article 78 of the Civil Practice Act to review a determination of the comptroller of the city of New York assessing sales taxes against petitioner, a corporation which publishes comic books. Petitioner, pursuant to contract, paid to various commercial artists — pencillers, letterers and inkers — an agreed amount per page for drawing and lettering work. This work was performed on cardboards or art boards, furnished sometimes by the artist and sometimes by petitioner.

The artists, who were the vendors under their contracts with petitioner, " vested " all rights in petitioner, " assigned all right, title and interest " in the material to petitioner and clearly retained no rights whatsoever in the finished products. Petitioner was given express permission to make necessary changes, and admittedly could correct, retouch and otherwise change the art board after it had been delivered by the artist. These art boards were either consumed in the engraving process or discarded.

Something more than a mere right to reproduce was sold in this case, thereby distinguishing these sales from those reviewed in such cases as *Matter of Frissell* v. *McGoldrick* (300 N. Y. 370) and *Howitt* v. *Street & Smith Pubs.* (276 N. Y. 345). Here there was an integration of the services rendered into tangible personal properties which were sold irrevocably to petitioner. In the *Frissell* and *Howitt* cases the vendors retained title to their integrated products and could still sell these products after return by the vendees. In the latter event, of course, the tax would attach.

The statutes and implementing Sales Tax Regulations, in imposing the tax, do not recognize a variance, no matter how discrepant, between the value of the services and the value of the personal property into which they are integrated. Nor do

they take account of whether the product is virtually valueless to anyone but the purchaser (Administrative Code, § N41–1.0, *et seq.*, particularly subd. 7 thereof; N. Y. City Sales Tax Rules & Regulations, arts. 70, 76).

Accordingly, the transactions in question were subject to tax, upon the authority of *Andersen* v. *City of New York* (295 N. Y. 782) and *Pagano, Inc.*, v. *City of New York* (295 N. Y. 784). The determination of the comptroller should be confirmed.

COHN, J. P. (dissenting). I dissent and vote to modify the determination of the comptroller by eliminating the taxes, penalty and interest based on the sums paid by petitioner to pencillers, letterers and inkers, who made drawings for reproduction in petitioner's magazines, upon the ground that the sums so paid were payments for intangible personal services or intangible production rights, and not for tangible personal property or for the processing, fabrication or printing of tangible personal property. The work performed involved services to which the relation of the tangible art boards was merely incidental, and the intangible right to reproduce copyrightable intangible literary property produced by those services. (*Matter of Frissell* v. *McGoldrick*, 300 N. Y. 370; *Stampers Arrival of Buyers* v. *City of New York*, 296 N. Y. 574; *Booth* v. *City of New York*, 296 N. Y. 573; *Howitt* v. *Street & Smith Pubs.*, 276 N. Y. 345; *Dun & Bradstreet* v. *City of New York*, 276 N. Y. 198.) The so-called fabrication amendment is not applicable to drawings or to manuscripts. Nor is that amendment applicable to services, unless such services, regardless of their value, are rendered to a physical object that is embellished or improved by the services. (Administrative Code, § N41–1.0, subd. 7.)

Where the transaction is the rendition of services for compensation, it is immaterial that the services are evidenced by a document or writing, or represented on a piece of paper or pasteboard. This case does not involve so much a transfer of a physical object, however much embellished or processed, as it does the performance of services — drawing or lettering services, at that — which incidentally, and yet of necessity, must be represented on a physical object. No one would seriously contend that a testator's will written on paper, or a statistical graph drawn on paper, is the subject of a taxable transfer. Yet, like the will or the graph, all we have here is a rendering of drawing and lettering services which, of necessity, must be represented on art board or any other convenient, but wholly incidental, medium. Moreover, it is only accidental that the services in

question were rendered by a free-lance contractor outside the taxpayer's shop, rather than by an employee inside the shop. Petitioner, in my view, is entitled to the return of $6,190.11, paid on the claim for taxes, penalty and interest with respect to payments made to the pencillers, letterers and inkers.

CALLAHAN, BOTEIN and RABIN, JJ., concur in *Per Curiam* opinion; COHN, J. P., dissents and votes to modify in opinion, in which BREITEL, J., concurs.

Determination confirmed, with $20 costs and disbursements to respondents and the petition dismissed.