George Tilzer, J.
Both parties move for summary judgment. The action was brought for a declaration that the city sales tax does not apply to plaintiff’s “ tip sheet ” since it is not tangible property but embodies services and it is not an information service.
Paragraph 1 of subdivision a of section N41-2.0 of the Administrative Code of the City of New York reads as follows:
“ On and after July 1st, nineteen hundred thirty-eight, there shall be paid a tax upon the amount of the receipts from every sale in the city as follows:
“ 1. [Three]* percent upon the amount of the receipts from every sale of tangible personal property sold at retail, except those articles described in schedule ‘ A ’ of this section.”
Paragraph 5-a, effective July 1, 1952, reads:
“ A tax of three per cent upon the receipts from every sale of information services involving the furnishing of printed, mime *287 ograpked, multigraphed matter or matter duplicating written or printed matter in any other manner, other than professional services and services of employees, agents, or other persons acting in a representative or fiduciary capacity or information services furnished to newspapers. ‘ Information services ’ shall mean and include the services of collecting, compiling or analyzing information of any kind or nature and furnishing reports thereof to other persons.”
Subdivision 6 of section N41-1.0 provides: “‘Tangible personal property. ’ Corporeal personal property of any nature.”
Schedule A of subdivision 1 of section N41-2.0 excludes, among other things, newspapers and periodicals. There is no contention that a “ tip sheet ” is either.
Prior to 1952, there was no tax upon an information service and the cases presented difficulty in determining the existence of an information service as distinguished from personal service (Matter of Hillman Periodicals v. Gerosa, 285 App. Div. 441 [1st Dept., 1955], affd. 308 N. Y. 982 [1955]; People ex rel. Foremont Studio v. Graves, 246 App. Div. 130 [3d Dept., 1936]; People ex rel. Walker Engraving Corp. v. Graves, 243 App. Div. 652 [3d Dept., 1935], affd. 268 N. Y. 648 [1935]; Booth v. City of New York, 268 App. Div. 502 [1st Dept., 1944], affd. 296 N. Y. 573 [1946]; Dun & Bradstreet v. City of New York, 276 N. Y. 198 [1937]).
The Appellate Division, in Matter of Hillman Periodicals v. Gerosa (supra, pp. 442-443) stated: “ The statutes and implementing Sales Tax Regulations, in imposing the tax, do not recognize a variance, no matter how discrepant, between the value of the services and the value of the personal property into which they are integrated. Nor do they take account of whether the product is virtually valueless to anyone but the purchaser. (Administrative Code, § N41-1.0 et seq., particularly subd. 7 thereof; N. Y. City Sales Tax Rules & Regulations, arts. 70, 76).”
Plaintiff urges the ‘ ‘ tip sheet ’ ’ is not an information service and is only a guess or opinion. The assertion that it is not an analysis of information is unrealistic and, to a small extent at least, the “ tip sheet ” shows on its face that it is an analysis. It is tangible personal property and an information service made taxable in the light of the decisions in cases arising before and following the adoption of paragraph 5-a of section N41-2.0.
Plaintiff urges the imposition of tax, if valid otherwise, is an unconstitutional discrimination since plaintiff should not be excluded from the exclusion of newspapers and periodicals. No *288 unconstitutional classification is involved. The right of freedom of the press or the right to equal protection of the law is not invaded or denied unconstitutionally by the imposition of the tax (Matter of Business Statistics Organization v. Joseph, 299 N. Y. 443).
The motions are granted to the extent of directing the entry of judgment declaring the tax in issue is properly and constitutionally imposed and is applicable to the plaintiff. Settle order and judgment.

 See par. 7 as amd. by Local Laws, 1951, No. 60 of City of New York.