GUESSEFELDT v. McGRATH, as successor to the Alien Property Custodian et al.

No. 10600.

United States Court of Appeals, District of Columbia Circuit.

Argued March 8, 1951.

Decided May 3, 1951.

Writ of Certiorari Granted Oct. 8, 1951. See 72 S.Ct. 52.

Robert F. Klepinger, Washington, D. C., for appellant.

Ralph S. Spritzer, Washington, D. C., of the Bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Asst. Atty. Gen., Harold I. Baynton and George B. Searls, Attorney, Department of Justice, Washington, D. C., were on the brief, for appellees.

George Morris Fay, U. S. Atty., and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., also entered appearances for appellees.

George Eric Rosden, Washington, D. C., filed a brief as *amicus curiae,* urging reversal.

Before EDGERTON, CLARK, and PROCTOR, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal from the United States District Court for the District of Columbia. Appellant brought his suit in that court for the return of property vested pursuant to Section 5(b) of the Trading With the Enemy Act, 55 Stat. 839, 50 U.S.C.A. Appendix, § 5(b).

The complaint states, *inter alia,* that the appellant was born in Germany in 1870 and that he is still a citizen of that country. The appellant has been a resident of Hawaii since 1896, but he is not a citizen of the United States. The complaint alleges that he was present in Germany between April 1938 and July 1949, but that his stay in Germany after the outbreak of World War II was involuntary. It is further alleged that the appellant committed no act hostile to the interests of the United States during the enforced stay.

The Attorney General moved to dismiss the complaint on the ground that the appellant's German citizenship, without more, disqualifies him from recovery under the Act. The District Court so held, 89 F. Supp. 344, and the basis of that decision was Section 39 of the Act, 62 Stat. 1246, 50 U.S.C.A.Appendix, § 39, which declares in part: "No property or interest therein of Germany, Japan, *or any national of either such country* vested in or transferred to any officer or agency of the Government at any time after December 17, 1941, pursuant to the provisions of this Act, shall be returned to former owners thereof or their successors in interest, and the United States shall not pay compensation for any such property or interest therein." (Emphasis supplied.)

The appellant brings this suit under Section 9(a) of the Act, 42 Stat. 1511, 50 U.S.C.A.Appendix, § 9(a). The lower court decided that the appellant would be entitled to the return of this property under that section of the Trading With the Enemy Act, supra, except for Section 39 of the Act. McGrath v. Zander, 1949, 85 U.S.App.D.C. 334, 177 F.2d 649 which affirmed the rule in Stadtmuller v. Miller, 2 Cir., 1926, 11 F.2d 732, 45 A.L.R. 895.

The issue before us then is simply this, has Section 39 of the Act, which prohibits return of World War II vested property to a national of Germany, prevented recovery of such property by a German citizen. We must conclude that the present law precludes a recovery. Although we can sympathize with the situation in which the appellant finds himself, the statute is quite specific. Concededly the appellant is

and always has been a German citizen, and a citizen is necessarily a national of the country of which he is a citizen (here Germany). See Miyuki Okihara v. Clark, D.C.Hawaii 1947, 71 F.Supp. 319, and Executive Order 8389, Section 5 E(i), 5 Fed. Reg. 1400 (1940), as amended by Executive Order 8785, 12 U.S.C.A. § 95 a note, 6 Fed.Reg. 2897 (1941). Executive Order No. 9193, Section 10(a), 50 U.S.C.A.Appendix, § 6 note, 7 Fed.Reg. 5205 (1942) incorporates the definition of the term "national" as used in Executive Order 8389, supra. Consequently, Section 39 operates as a complete bar to the appellant's suit.

The appellant has called to the attention of this Court the opinion by Judge Lindley of the Seventh Circuit in Kagu Nagano v. McGrath, 1951, 187 F.2d 759, 765.

The facts, we must conclude, are almost identical, but we regret that we cannot reach the same ultimate conclusion. The Court of Appeals for the Seventh Circuit has nonetheless, to a large extent, anticipated our decision. There, our brethren, speaking through Judge Lindley, said: "Therefore, by act of Congress, the word 'national' as defined in the Executive orders approved by Congress, includes any person who is a citizen of a foreign country. Thus, if Section 39 is to be taken at its literal face value, it is the law that a citizen of Japan is a national of that nation and that as such plaintiff may not recover her property even though Section 9(a) giving her right of action has not been expressly repealed."

The Seventh Circuit did not believe that this result was anticipated by the nation's Legislature when it determined "Congress * * * has at all times evinced an intent not to keep from loyal residents, whether alien or citizen, nonenemy property which is rightfully in America, has served no enemy purpose and has threatened to serve none." With this proposition we can only agree in part, as the remainder of this decision will disclose.

■ To a large extent in the Nagano Case, supra, the Seventh Circuit based its opinion on the proposition that Congress did not intend to repeal Section 9(a) which

provides for the return of the property heretofore vested. We quite agree. If Congress had intended to completely repeal Section 9(a) it would have so declared. So far, however, as Section 39 is in irreconcilable conflict with Section 9(a), it must be deemed to have superseded Section 9(a). Henderson v. Washington-Marlboro & Annapolis Motor Lines, 1942, 77 U.S.App.D.C. 26, 132 F.2d 729, Certiorari denied, Washington-Marlboro & Annapolis Motor Lines v. Henderson, 1943, 318 U.S. 779, 63 S.Ct. 854, 87 L.Ed. 1147.

Under Section 5(b) property of "any foreign country or national thereof" can be vested. Section 9(a) provides for the return of property to "Any person not an enemy or ally of [an] enemy". Enemy as defined in Section 2(a), 40 Stat. 411, 50 U.S.C.A.Appendix, § 2, is "Any individual * * * resident within the territory * * * of any nation with which the United States is at war * * *." Section 39 does not speak in terms of enemy or an ally of an enemy, but on the contrary it returns to the standard of "nationality." That section declares that no return shall be made to "Germany, Japan, or any national of either such country", if it has been vested. It should be quite apparent that Section 5(b) permits the property of all nationals of foreign countries to be vested, but Section 39 only prohibits return to nationals of Germany or Japan. There is then a group of nationals of foreign countries other than Germany and Japan who may still prove their claims under Section 9(a) if they were not enemies or allies of enemies under Section 2(a). Understandably Congress did not intend to repeal Section 9(a) in its entirety, but a very large restriction is imposed on that provision by Section 39.

Section 39 was enacted as part of the War Claims Act of 1948, 62 Stat. 1246, 50 U.S.C.A.Appendix, § 39; it is a statute which provides compensation to certain classes of United States nationals who suffered at the hands of the Germans or the Japanese during World War II. Among the principal beneficiaries of the law are American internees and prisoners of war who were the victims of maltreatment while held by the enemy. In Section 13(a) of the War Claims Act of 1948, 62 Stat. 1247, 50 U.S.C.A.Appendix, § 2012, it is provided that the source of funds for the payment of these claims shall be the net proceeds derived from German and Japanese vested property withheld under Section 39 of the Trading With the Enemy Act. In short, the Congress believed that all enemy assets should be assembled for the purpose of gratifying the claims of American nationals which arose out of enemy actions. By this provision Congress intended to institute a policy of non-return and non-compensation. H.R. 976, 80th Cong. 1st Sess., pp. 2–3 (1947).

In line with the policy of non-return and non-compensation Congress was aware that the term "national" as used in Section 39 would take in nationals wherever resident and regardless of their personal disposition toward the enemy. See Hearings before a Sub-committee of the Committee on the Judiciary, U. S. Senate, 80th Cong. 2d Sess., on H.R. 4044, p. 233. When the bill came to the floor of the House of Representatives, Congressman Cox recognized that the criterion of nationality left no room for distinguishing between the friendly and the unfriendly enemy nationals 94 Cong.Rec. 551. It seems perfectly clear to us then that Section 39 of the Trading With the Enemy Act was intended to apply to all German and Japanese nationals living in the United States or elsewhere whose property had been vested. Shill v. McGrath, D.C.S.D. N.Y.1950, 89 F.Supp. 339.

But even friendly nationals of Germany or Japan are not barred from *all* relief under the Trading With the Enemy Act. Section 32 of the Act, 50 U.S.C.A.Appendix, § 32, empowers the President to make discretionary administrative returns of World War II vested property to various specially designated classes of persons; Section 32 was specifically exempted from the rigorous effect of Section 39, Shill v. McGrath, supra. But as we held in McGrath v. Zander, supra, the right of return under Section 32 is administrative and

discretionary, and there is no right to review the judgment of the administrative authorities. Consequently the judgment of the lower court is

Affirmed.