WASHINGTON TIMES–HERALD, Inc.
v.
DISTRICT OF COLUMBIA.
No. 11491.

United States Court of Appeals
District of Columbia Circuit

Reargued Feb. 24, 1954.

Decided May 13, 1954.

Mr. Perry S. Patterson, Washington, D. C., with whom Mr. Herbert J. Miller, Jr., Washington, D. C., was on the brief, for petitioner.

Mr. George C. Updegraff, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Vernon E. West, Corp. Counsel, and Chester H. Gray, Principal Asst. Corp. Counsel, were on the brief, for respondent.

Before STEPHENS, Chief Judge, and EDGERTON, CLARK, WILBUR K. MILLER, PRETTYMAN, BAZELON, FAHY, WASHINGTON and DANAHER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

We are asked to review a decision of the District of Columbia Tax Court under the District of Columbia Use Tax Act.[1] Petitioner, a newspaper publishing company, contracted with several syndicates for its supply of comic strips. The syndicates carry out these contracts by sending the petitioner, at intervals, fiber matrices (mats) bearing impressions of the current sequence of strips. These mats are manufactured by the syndicates, from the original drawings, by a photo-engraving process. Petitioner uses the mats in the first of a series of operations culminating in the production of a metal plate from which the comic page is printed.[2] The petitioner pays the syndicates for the comic strip mats sums which are greatly in excess of the price of blank mats. For example, the Times-Herald purchased blank mats the size of newspaper page for twenty-two cents each, but for a mat containing six daily strips of the "Gump Family,"

1. 63 Stat. 124 et seq., § 47–2701 et seq., D.C.Code 1951.

2. Metal casts are made from the mats; these casts are combined in the sequence desired for the newspaper page; a mat

is made of the whole page; an impression from this mat is transferred to a metal plate; this plate is put on the printing press, and the comic page is then printed.

**24**

with the right to use each strip one time, it paid the sum of $30.00.

The Tax Court held the transactions with the syndicates were sales at retail within the meaning of § 201 of the Act,[3] and upheld taxation thereof on the basis of the substantial prices paid the syndicates for mats which, had they been blank, could have been bought at a small fraction of those prices.

Section 47–2701, subd. 1(b) (3) of the Code exempts from sales and use taxes "Professional, insurance, or personal service transactions which involve sales as inconsequential elements for which no separate charges are made." An implementing Regulation [4] provides that a sale is an "inconsequential element" where the price of the tangible personal property is less than ten per cent of the amount charged for the services rendered. The Tax Court found as a fact that

> "The value and sales price of the matrices (also known as 'mats') * * * were less than ten per cent of the amount charged for the services rendered the petitioner under the contracts [with the syndicates] * * *."

This finding, which was disregarded by the Tax Court in its decision holding the transactions taxable, was a sufficient basis for reaching the opposite conclusion. The syndicates sold to the Times-Herald the right to reproduce one time the work of artists who make the drawings. They simply sold the professional and personal services of the artists whom they had under contract and in so doing transferred title to the mats, of inconsequential value, from which the drawings could be reproduced. The price was paid for the artists' work, i. e., for the right to reproduce the impressions on the mats,—not for the mats themselves. The newspaper bought the creation of the artist—not the material on which it was impressed—and the right to reproduce it. Without that

3. Section 47–2701, subd. 1, D.C.Code 1951.

4. Section 202(b) of the Regulations Per-

right, the comic strips mats would be entirely worthless.

The transactions in question are clearly exempt under § 47–2701, subd. 1(b) (3).

Reversed.

STEPHENS, Chief Judge.

I concur in the result for the following reason: I think that, in essence, what the Times-Herald contracted with the Syndicates for was a right to reproduce, once, the artist-created comic strip ideas expressed, for the purpose of reproduction, in "mat" form. That, in my view, is not a "use . . . or consumption of any tangible personal property" and is not the purchase or sale of "services" and is therefore not taxable under Section 47–2702 of the D.C.Code.

I am authorized to state that Circuit Judges FAHY and WASHINGTON concur in the foregoing.

taining to Sales and Use Taxes, promulgated July 12, 1949, by the Commissioners of the District of Columbia.