### GUESSEFELDT

v.

### BROWNELL, Jr., Atty. Gen. of United States et al.

### No. 11927.

United States Court of Appeals District of Columbia Circuit.

Argued April 7, 1954.
Decided May 13, 1954.

---

Germany, and was therefore an enemy within the meaning of the same section. Appellant contends that the finding of residence in Germany was clearly erroneous. We cannot agree. Our review of the record, in the light of the Supreme Court's opinion in Guessefeldt v. McGrath, supra, satisfies us that there was ample evidence in support of the finding. We have examined the other contentions of the appellant, and find no reversible error. The judgment of the District Court dismissing the complaint will accordingly be affirmed.

Affirmed.

Mr. William W. Barron, Washington, D. C., with whom Messrs. Robert F. Klepinger and Charles R. Richey, Washington, D. C., were on the brief, for appellant.

Mr. Irwin A. Seibel, Attorney, Department of Justice, Washington, D. C., with whom Mr. George B. Searls, Attorney, Department of Justice, Washington, D. C., was on the brief, for appellees.

Before CLARK, PRETTYMAN and WASHINGTON, Circuit Judges.

PER CURIAM.

This is an alien property litigation under Section 9(a) of the Trading with the Enemy Act, 40 Stat. 411, as amended, 50 U.S.C.A.Appendix, § 1 et seq. The adequacy of the complaint was ultimately sustained by the Supreme Court, as against a motion to dismiss made before trial. Guessefeldt v. McGrath, 1952, 342 U.S. 308, 72 S.Ct. 338, 96 L.Ed. 342, reversing 1951, 88 U.S.App.D.C. 383, 191 F.2d 639. On remand the District Court concluded from the evidence adduced by both parties that Richard Guessefeldt was a resident of Germany within the meaning of Section 2 of the Trading with the Enemy Act, during the period in which the United States was at war with