**DISTRICT OF COLUMBIA, Petitioner,**

v.

**NORWOOD STUDIOS, INC., Respondent.**

No. 18237.

United States Court of Appeals
District of Columbia Circuit.

Argued May 11, 1964.

Decided June 26, 1964.

Petition for Rehearing en Banc
Denied Sept. 18, 1964.

Mr. Henry E. Wixon, Asst. Corp. Counsel, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Donald T. Fish, Asst. Corp. Counsel, were on the brief, for petitioner.

Mr. Werner Strupp, Washington, D. C., with whom Mr. Nathan Sinrod, Washington, D. C., was on the brief, for respondent.

Before BAZELON, Chief Judge, EDGERTON, Senior Circuit Judge, and WRIGHT, Circuit Judge.

EDGERTON, Senior Circuit Judge.

Norwood Studios, Inc., contracted with AFL-CIO to produce a series of motion pictures for television showing. The pictures were produced and delivered. Their total price was over $700,000.

These transactions were assessed under the District of Columbia sales tax. The statutory definition of retail sale includes "Any production, fabrication, or printing of tangible personal property on special order for a consideration." D.C. CODE, 1961 ed., § 47–2601—14(a) (2). The District of Columbia Tax Court set aside the assessment on the ground that the transactions were "personal service transactions" in which the "tangible personal property supplied by the petitioner to AFL-CIO was an inconsequential element." If so, they were not sales within the meaning of the tax act. D.C.CODE, 1961 ed., § 47–2601—14(b) (3).

As the Supreme Court of California has said, the "chief value of many articles consists in the cost of the service and the skill by which they are produced, rather than the cost of materials out of which they are made." Bigsby v. Johnson, 99 P.2d 268, 270 (*in banc*, 1940). There printers argued that they did not make sales but transferred personal services. In rejecting this contention the court said: "when one places an order for printed matter he desires not merely service but the delivery to him of the finished product and * * * within the meaning of the Retail Sales Tax Act the printer is engaged in selling the printed matter to him." *Ibid.* Similar questions have arisen in other cases. We think the better reasoned cases agree that the production and transfer of printed material and the like is not personal service but a sale. See, *e. g.*, People ex rel. Walker Engraving Corp. v. Graves, 268 N.Y. 648, 198 N.E. 539. The principle applies here.

The District of Columbia Tax Court cited Washington Times-Herald v. District of Columbia, 94 U.S.App.D.C. 154, 213 F.2d 23, which this court *in banc* decided in 1954. That case dealt with contracts by which "mats" were furnished to newspapers for use in printing comic strips. We said: "The syndicates sold to the Times-Herald the right to reproduce one time the work of artists who made the drawings. * * * The price was paid for the * * * right to reproduce the impression on the mats —not for the mats themselves." 94 U.S. App.D.C. at 155, 213 F.2d at 24. We held that such contracts were not sales. The present case is different. The producer of the films retained no interest in them and imposed no restriction on their use. They became the property of AFL-CIO without qualification. In our opinion these transactions were sales.

Reversed.