## Mt. Mansfield Television, Inc. v. Vermont Commissioner of Taxes

[336 A.2d 193]

No. 124-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed April 1, 1975

*Paul D. Sheehey, Esq.,* Burlington, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *Georgiana O. Miranda,* Assistant Attorney General, Montpelier, for Defendant.

**Keyser, J.** This case raises for our determination the issue of whether the receiving and subsequent televising of films and video tapes supplied for a fee by out-of-state distributors constitutes a taxable use under the Vermont sales and use tax. Appellant, Mount Mansfield Television, Inc., was assessed on this premise by the Vermont Department of Taxes. The assessment was affirmed on appeal by the Commissioner of Taxes who, in turn, was upheld by the Chittenden Superior Court.

Taxpayer obtains films and video tapes from various out-of-state distributors and broadcasts them, pursuant to the terms of the agreements under which they are supplied, over its television station WCAX in Burlington. The fees paid vary depending, in part, on the advertising fees which are charged by taxpayer. Under 32 V.S.A. § 9774(c), the three per cent use tax is based upon the amount of the fee paid to the supplier.

The use tax in question is imposed under 32 V.S.A. § 9773(1) on any tangible personal property purchased at retail unless the property has been or will be subject to the sales tax or is otherwise exempted. The absence of such an exception is not challenged here; the question is simply whether the

subject transactions fall within the ambit of the statutory classification.

Purchase is defined in 32 V.S.A. § 9701(6) as:

> any transfer of title or possession, or both, exchange or barter, rental, lease or license to use or consume, conditional or otherwise, in any manner or by any means whatsoever for a consideration, or any agreement therefor.

"Tangible personal property" is statutorily defined as "personal property which may be seen, weighed, measured, felt, touched or in any other manner perceived by the senses." 32 V.S.A. § 9701(7). This statutory definition provides the source of taxpayer's basic contention that the real subject of its transactions with the film and video tape distributors is an *intangible* right to broadcast which does not fall within the meaning of "tangible personal property".

Although the question presented is one of first impression in Vermont, there is no dearth of analogous case law in other jurisdictions on both sides of the issue. Without engaging in a protracted analysis of the subtle factual and statutory language distinctions which can be found in cases cited by both parties here, it is fair to say that the cases which taxpayer has cited in support of its position generally support the theory that transactions of the type here in question involve "intangible" reproduction rights as opposed to "tangible" property rights. These cases take the view that products such as television films are nothing without the attendant right to broadcast and that they thus cannot be classified as "tangible personal property" for tax purposes. *See Washington Times Herald* v. *District of Columbia*, 213 F.2d 23 (D.C. Cir. 1954); *Watson Industries, Inc.* v. *Shaw*, 235 N.C. 203, 69 S.E.2d 505 (1952) ; *Burgess* v. *Ames*, 359 Ill. 427, 194 N.E. 565 (1935).

Cases cited by the Department of Taxes, on the other hand, stand for the proposition that it is a finished product (video tape or film) which is the subject of the transaction and that a license to exhibit or broadcast without the tangible finished product itself would be valueless. *See Boswell* v. *Paramount Television Sales, Inc.*, 291 Ala. 490, 282 S.2d 892 (1973) ; *Florida Association of Broadcasters* v. *Kirk*, 264 S.2d 437 (Fla.Dist.Ct.App.), *cert. denied*, 268 S.2d 534 (Fla. 1972);

*Crescent Amusement Co.* v. *Carson,* 187 Tenn. 112, 213 S.W.2d 27 (1948).

To the extent that these cases can be extracted from their singular factual and statutory contexts and reduced to abstract legal holdings, we must recognize the existence of a genuine split of authority on the issue before us. The opposing theories are not difficult to conceptualize; the choices are clear.

We are pursuaded by the reasoning of the more recent decisions in this area which have embraced the theory now advanced by the Department of Taxes. We find particularly germane the point made by the Supreme Court of Arkansas that "the right to use property cannot be separated from the property itself." *American Television Co.* v. *Hervey,* 253 Ark. 1010, 1014, 490 S.W.2d 796, 799 (1973). The right of which taxpayer speaks is simply of no value to it without the use of the video tape or film itself.

Taxpayer has pointed to no language in our statutes which would lead us to a different conclusion, nor has our examination uncovered any. The applicable wording is precise and taxpayer's argument must rise or fall upon the tangible-intangible distinction which it seeks to draw but which we are not pursuaded to recognize. The tax was properly assessed.

Taxpayer also challenges the assessment of penalty and interest which was originally imposed on the films and video tapes in question here and also on the purchase and use of certain capital supplies and equipment. The issue of the taxability of the capital supplies and equipment had initially been appealed to the Commissioner but was settled before hearing in favor of the Department of Taxes. The five per cent penalty and one per cent per month interest with respect to these materials were affirmed by the Commissioner, but with respect to the films and video tapes the penalty was abated in full and the interest was reduced to one-half per cent per month.

Taxpayer maintains that any delay in the payment of the taxes was caused by the Commissioner's failure to provide adequate and timely notice of liability. The Commissioner's authority for remissions and abatements under 32 V.S.A. § 9814 is purely discretionary. Bearing in mind the affirmative

duties placed upon the taxpayer by 32 V.S.A. § 9775, and in view of the fact that the entire penalty and one-half of the interest were abated with respect to the films and video tapes, we are satisfied that no abuse of discretion has been demonstrated.

*Affirmed.*