### 52713. CHILIVIS v. TURNER COMMUNICATIONS CORPORATION.

WEBB, Judge.

1. In this appeal by the revenue commissioner from a judgment in favor of the taxpayer, the first question for decision is whether or not a transaction whereby one receives the right to possess and use pre-recorded television videotapes for a specified period of time and upon specified conditions, in exchange for an agreed-upon consideration, constitutes the lease or rental of tangible personal property within the meaning of the Sales and Use Tax Act (Code Ann. Ch. 92-34A). Decisions from courts in other states which we find persuasive answer in the affirmative. Boswell v. Paramount Television Sales, Inc., 291 Ala. 490 (282 S2d 892) (1973); American Television Co. v. Hervey, 253 Ark. 1010 (490 SW2d 796) (1973); Florida Assn. of Broadcasters v. Kirk, 264 S2d 437 (Fla. Ct. App. 1972); Mount Mansfield Television, Inc. v. Vermont Commr. of Taxes, 133 Vt. 284 (336 A2d 193) (1975). See also Saenger Realty Corp. v. Grosjean, 194 La. 470 (193 S 710) (1940); United Artists Corp. v. Taylor, 273 N. Y. 334 (7 NE2d 254) (1937); Crescent Amusement Co. v. Carson, 187 Tenn. 112 (213 SW2d 27) (1948); Green v. Sgurovsky, 133 S2d 663 (Fla. App. 1961); Evco v. Jones, 81 N. M. 724 (472 P2d 987) (1970), vacated 402 U. S. 969 (91 SC 1655, 29 LE2d 134), reinstated 83 N. M. 110 (488 P2d 1214), revd. on other grounds 409 U. S. 91 (93 SC 349, 34 LE2d 325).

We do not find the rationale of these decisions to be antagonistic to prior rulings of our own courts, and we likewise answer in the affirmative.

2. The second question is whether or not the exemption provided by the Act for the "rental of motion picture film" (Code Ann. § 92-3402a (c)) applies to the rental of videotape. While the taxpayer makes an

appealing argument that videotape should be exempt as is motion picture film since it accomplishes the same result and is merely a "technological advance within the industry," the record nevertheless discloses that videotape is physically, technologically and functionally different from motion picture film; that it had not even been invented or had not come into use when the legislature exempted motion picture film; that it came into common use in this state in 1962; the commissioner ruled in 1965 that it was taxable (Rev. Reg. 560-12-2-.17), and the legislature in 1967 amended Code Ann. § 92-3402a (c) and re-enacted the exemption for motion picture film verbatim as it stood before the invention of videotape. Ga. L. 1967, pp. 284, 285. These circumstances do not allow us to project upon the legislature an intent to include videotape within the meaning of motion picture film (see *Undercofler v. Eastern Air Lines,* 221 Ga. 824, 831 (147 SE2d 436); *Spence v. Rowell,* 213 Ga. 145, 150 (97 SE2d 350)), and policy arguments made here should be addressed to the General Assembly.

3. Our ruling does not amount to an un-constitutional construction of the Act since the tax is a transaction tax falling upon all similarly situated, and since a rational basis for the exemption of motion picture film appears in the avoidance of duplication of taxes on theater owners exhibiting such films for an admission fee, which is also taxable. " 'A statutory discrimination will not be set aside as the denial of equal protection of the laws if any state of facts reasonably may be conceived to justify it.' " *McLennan v. Aldredge,* 223 Ga. 879, 885 (159 SE2d 682).

4. Remaining contentions of the taxpayer are without merit.

*Judgment reversed. Bell, C. J., Clark, Stolz, Marshall, McMurray and Smith, JJ., concur. Deen, P. J., and Quillian, P. J., dissent.*

ARGUED SEPTEMBER 15, 1976 — DECIDED NOVEMBER 8, 1976 — REHEARING DENIED DECEMBER 3, 1976 — ▮▮▮▮▮▮▮

*Arthur K. Bolton, Attorney General, Gary B.*

*Andrews, David A. Runnion, Assistant Attorneys General,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, J. Kirk Quillian, Tench C. Coxe,* for appellee.

*Tom Watson Brown, Steven B. Kite,* amicus curiae.

ON MOTION FOR REHEARING.

Taxpayer complains in its motion for rehearing that our three-page opinion is not consonant with nine filed briefs totaling over 170 pages. We did not count the pages in either the briefs or the opinion! Neither the quantity nor the quality of briefs (and here the briefs were most excellent) determines the length of an opinion. Some require more words than others. We strive to give careful consideration in every appeal to all issues and valid arguments, and we believe we have dealt adequately with the major issues presented by this appeal. Taxpayer probably would have considered our opinion adequate, regardless of length, had the decision been in its favor. Since the motion for rehearing advances arguments previously made, considered and rejected, the motion is denied.

*Motion for rehearing denied.*

DEEN, Presiding Judge, dissenting.

I support Judge Quillian's dissent.

You can view "King Kong" or "Planet of the Apes" via motion picture film and via videotape. Either way you view apes.

Genetic varieties of micromutable hybrid corn are physically, technologically and functionally a little different, but still always corn.

As Judge Webb said in *Kennedy v. Thruway Service City, Inc.,* 133 Ga. App. 858, 860 (212 SE2d 492), "Mere nomenclature is not of itself determinative . . . The contents of a can of sliced beets are not changed by a label denoting them to be garden peas."

Since both act, quack, and look like ducks, I would categorize both film and tapes as the same kind. No matter how you slice it you still have beets—corn—ducks—apes and film-tapes. I would affirm the judgment of the trial court.

QUILLIAN, Judge, dissenting.

I dissent from Division 2 of the majority opinion.

After a careful study of the many pages of briefs and the record in the case sub judice, I feel that there is one simple issue that controls. This issue is whether the sales and use tax exemption for the rental of motion picture film (Code Ann. § 92-3402a (c); Ga. L. 1951, pp. 360, 362; 1960, pp. 153, 154; 1967, p. 284), should apply to the rental of videotape. In my opinion for tax purposes, videotape performs the same function as motion picture film and is but another form thereof. Therefore, it comes within the tax exemption.

I would affirm the judgment of the trial court.